UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEROME LENORDA POWELL II,

                Plaintiff,

   v.

RITE AID PHARMACY,

                Defendants.

Case No. C22-1324 MJP-TLF

ORDER TO SHOW CAUSE

This matter comes before the Court on pro se Plaintiff Jerome Lenorda Powell's application to proceed *in forma pauperis* (IFP). Dkt. 4. Having reviewed and screened plaintiff's proposed complaint under 28 U.S.C. §1915A, the Court finds plaintiff has failed to state a claim under Section 1983 upon which relief can be granted, but provides plaintiff leave to file an amended pleading by **November 11, 2022**, to cure the deficiencies identified herein.

## DISCUSSION

The Court must dismiss the complaint of a prisoner proceeding *in forma pauperis* "at any time if the [C]ourt determines" that the action: (a) "is frivolous or malicious"; (b) "fails to state a claim on which relief may be granted"' or (c) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(a), (b). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.3d 1221, 1228 (9th Cir. 1984).

ORDER TO SHOW CAUSE - 1

Before the Court may dismiss the complaint as frivolous or for failure to state a claim, it "must provide the [prisoner] with notice of the deficiencies of his or her complaint and an opportunity to amend the complaint prior to dismissal." *McGucken v. Smith*, 974 F.2d 1050, 1055 (9th Cir. 1992); *see also Sparling v. Hoffman Constr., Co., Inc.*, 864 F.2d 635, 638 (9th Cir. 1988); *Noll v. Carlson*, 809 F.2d 1446, 1449 (9th Cir. 1987). Leave to amend need not be granted "where the amendment would be futile or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991).

A. **Plaintiff's Complaint**

Here, plaintiff alleges that defendants – Rite Aid Pharmacy, Jordan Westergreen (Youth Prevention Officer), Alden Nagel (Rite Aid Pharmacy Employee) and Police Officer Michael Shannon, violated his rights under 42 U.S.C. §§ 1983, 1985 and 1986, and intentionally inflicted emotional distress on plaintiff. Dkt. 1, at 1. Plaintiff's complaint sufficiently states claims under Sections 1985 and 1986. *Id.* at 3. Plaintiff also sufficiently asserts the state law claim of intentional infliction of emotional distress. *Id.*

Plaintiff alleges that defendants conspired against plaintiff to accuse him of threatening to harm Mr. Westergreen. *Id.* at 5. Plaintiff alleges that defendants fabricated this lie and the "fight" that occurred between plaintiff and Mr. Westergreen. *Id.* As a result of this alleged lie, plaintiff states that he was facing 10-13 years in prison and had a mental breakdown. *Id.* at 7. Plaintiff seeks damages from defendants as well as a no-contact order between plaintiff and Officer Shannon. Plaintiff also seeks to have Officer Shannon fired from the police department. *Id.* at 10.

B.   **42 U.S.C. § 1983**

ORDER TO SHOW CAUSE - 2

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Here, plaintiff alleges that defendants violated his rights when they used excessive force to arrest him.

Under the Fourteenth Amendment, for allegations of excessive force, "the Fourth Amendment sets the applicable constitutional limitations on the treatment of an arrestee detained without a warrant up until the time such arrestee is released or found to be legally in custody based upon probable cause for arrest." *Pierce v. Multnomah County,* 76 F.3d 1032, 1043 (9th Cir. 1996); *see Graham v. Connor,* 490 U.S. 386, 395 (1989) ("all claims that law enforcement officers have used excessive force ... in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard....").

A Fourth Amendment claim of excessive force is analyzed under the reasonableness standard set forth by the Supreme Court. *See Graham*, 490 U.S. at 395. The analysis is objective; whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them. *Id.* at 397. In determining the reasonableness of a seizure effected by non-deadly force, "the nature and quality of the intrusion on the individual's Fourth Amendment interests" should be balanced against "the countervailing governing interests at stake." *Id.* at 396 (internal quotations omitted). The reasonableness of a defendant's actions depends on factors such as the severity of

the crime at issue, the threat the suspect posed, and whether the suspect is actively resisting arrest. *Id.*

Plaintiff does not provide any facts to show how each defendant's alleged acts or omissions caused a violation of his right to be free from unreasonable force under the Fourth and Fourteenth Amendments. He explains *why* he was arrested, i.e., the alleged fight at the Rite Aid, but not *how*. If plaintiff intends to proceed with his excessive force claim, he must allege additional facts regarding specifics of his encounter with the defendants – i.e. facts regarding the specifics of how each defendant's acts or omissions concerning his arrest violated his constitutional rights under the reasonableness standard described above.

## CONCLUSION

Due to the deficiencies described above, the Court will not serve the complaint at this time. Accordingly, plaintiff is ordered, on or before **November 11, 2022**, to show cause as to why this Court should not recommend this case be dismissed. If plaintiff fails to timely respond to this Order to Show Cause, the undersigned will recommend that plaintiff's IFP application be denied.

Dated this 25th day of October, 2022.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 4